IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 19-52781-rbk |
| RATTRAY RESTAURANT GROUP, LLC | § | |
|    Debtor | § | |
| | § | CHAPTER 7 |

### MOTION FOR RELIEF FROM AUTOMATIC STAY
### BY LOAN STAR NATIONAL BANK

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS. IF NO TIMELY RESPONSE IS FILED WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD. A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

TO THE HONORABLE ROLAND B. KING
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Now comes LONE STAR NATIONAL BANK ("LSNB" or "Movant"), a secured creditor and party in interest, files this its Motion for Relief from Automatic Stay under 11 U.S.C. §§362, 363, of the Bankruptcy Code and in support would show unto the Court as follows:

### I. Introduction

1.1   The Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1471, and 11 U.S.C. §§ 362, 157, and 1334 and other applicable sections of the Bankruptcy Code and Amendments.

1.2   Movant is, and has at all times herein mentioned, a federally insured bank duly authorized to transact business in the state of Texas, which may be served through counsel of record herein.

1.3   Movant is informed and believes, and based thereon, alleges that Debtor is a Texas limited liability company whose address is 602 Ave. A. San Antonio, Texas 78215.

1.4     Debtor filed its voluntary petition under Chapter 7 of the Bankruptcy Code Title 11 U.S.C. on November 26, 2019 (the "Petition Date").

1.5     The Notice of Meeting of Creditors and appointment of Chapter 7 Trustee, Jose C. Rodriguez, was issued on November 27, 2019 [Dkt. No. 3].

1.6     Pursuant to the provisions of 11 U.S.C. § 362(a), the filing of said petition operated as an automatic stay against LSNB's rights, as a secured creditor, to proceed against Debtor and/or attempt collection of indebtedness owed to LSNB. Upon Movant's information and belief, Debtor and/or the estate remain in possession of personal property securing claims owed to LSNB.

## II.  Facts

2.1     On or about October 23, 2014, Debtor executed an SBA Loan Agreement and SBA Note in the original principal sum of $143,000.00 and payable to LSNB, as may have been renewed and extended from time to time ("Note"), relating to SBA Loan No. XXXXXXXX-06; LSNB Loan No. XXX672 (the "Loan"). A true and correct copy of said Note is attached hereto as Exhibit "1" and incorporated herein. A true and correct copy of the Loan Agreement is attached hereto as Exhibit "2" and incorporated herein. To secure payment of said Note, the Debtor executed a Security Agreement of even date therewith covering the following described personal property:

       a.  Equipment

       b. Fixtures

       c.  Inventory

       d. Accounts

       e.  Instruments

       f. Chattel paper

   g. General intangibles

(above collectively the "Collateral"). LSNB's lien on the Collateral was perfected by filing a UCC-1 Financing Statement with the Texas Secretary of State under Filing No. 14-0040454012 on December 23, 2014. A true and correct copy of said Security Agreement is attached hereto as Exhibit "3" and incorporated herein. A true and correct copy of the UCC-1 Financing Statement is attached hereto as Exhibit "4" and incorporated herein.

  2.2 The indebtedness owed to LSNB by Debtor, as evidenced by the Note was unconditionally guaranteed by Leah Rattray, Nicole Rattray, Timothy Rattray, and Alexander Rattray. True and correct copies of the Unconditional Guarantees are collectively attached hereto as Exhibit "5".

  2.3 The balance due LSNB on the Note as of the Petition Date is: $41,177.50. A true and correct copy of the loan summary reflecting the balance of the loan as of the Petition Date is attached hereto as Exhibit "6".

  2.4 The Collateral is currently located at 602 Avenue A, Pearl Brewery, San Antonio, Texas 78215 (the "Premises"), the business premises previously occupied by the Debtor. Debtor has failed to make timely payments to LSNB. Debtor's failure to make payments constitute separate and distinct defaults under the terms of the Note and Security Agreement instruments described and attached hereto. By reason of the automatic stay, LSNB was and still is prevented from exercising its remedies against the Collateral. A true and correct copy of the list of equipment provided to LSNB by the Debtor on or about August 26, 2014 is attached hereto as Exhibit "7". On or about January 7, 2020, a representative of LSNB was permitted to inspect the Premises and the personal property located at the Premises. A true and correct copy of the list of equipment identified at such

3

inspection is attached hereto as Exhibit "8".

2.5     LSNB would show that since the market for the Collateral in the Bexar County area is uncertain at best, further delay in according LSNB relief from the automatic stay subjects LSNB to risk of decline in value of its security without an adequate remedy at law. Moreover, the landlord of the above Premises has also requested that the Collateral be removed from the Premises. Therefore, LSNB is entitled to stay relief for cause, including, among other things, the lack of adequate protection for LSNB's interest in the Collateral.

2.6     The Bank would show that the Debtor has no equity in the Collateral to the benefit of Debtor's estate.

2.7     The Bank would further show that the Note and Security Agreement provide that the Collateral secures the payment and performance of any and all attorneys' fees and other costs incurred by LSNB in connection with the defaults under the terms of the notes and security instruments described and attached herein. As a result of the above described defaults, LSNB has been required to employ the undersigned attorneys to represent LSNB and is entitled to be reimbursed reasonable attorneys' fees in connection therewith.

2.8     The Affidavit of J. Edgar Ruiz, Senior Vice President - Business Relationship Manager III, is attached hereto as Exhibit "9", attesting to the LSNB documents and amount of debt as to the Note.

### III.  Arguments and Authority

3.1     Continuation of the Automatic Stay, pursuant to 11 U.S.C. § 362(a) will result in harm to Movant and will deprive Movant of the protection to which Movant is entitled under 11 U.S.C. §§ 362 and 363, for the following reasons among others:

a. Debtor's Schedules and Statement of Affairs show that Debtor has no equity in the Collateral.

b. Debtor has not offered adequate protection for use of Collateral.

3.2 Movant therefore requests the Court to terminate the automatic stay for the following reasons:

a. Cause including lack of adequate protection of Movant's interest in the Collateral, pursuant to 11 U.S.C. § 362(d)(1).

b. Under 11 U.S.C. § 362(d)(2), Debtor lacks equity within the Collateral and Debtor has not shown that the Collateral is necessary for an effective reorganization, or that reorganization is in prospect.

c. Failure to provide adequate protection for use of the Collateral.

WHEREFORE, Movant, LSNB, respectfully requests the automatic stay be immediately lifted and terminated to allow LSNB to repossess, foreclose and sell the Collateral under applicable law. In the event that this Court finds that the Debtor should be permitted to continue with possession, LSNB prays that this Court enter such orders as may be appropriate under 11 U.S.C. §§362, 363, to adequately protect LSNB's interest in the Collateral and include the provision that, in the event of any default by Debtor, the automatic stay be lifted as of the date of such default, without further action by or recourse to this Court. LSNB further prays for such other and further relief both in law and in equity to which it may be justly entitled.

Dated: January 28, 2020.

        Respectfully submitted,

By:    /s/ *Benjamin R. Guerr*a
      Benjamin R. Guerra
      State Bar No. 24055600
      Fed. Id. No. 896928

**ATTORNEY FOR
LONE STAR NATIONAL BANK**

OF COUNSEL:
Ben Guerra Law Office PLLC
222 E. Van Buren Ave. Ste. 600
Harlingen, Texas 78550
Telephone: (956) 428-0300
Telecopier: (956) 428-0332
E-mail: bguerra@benguerralaw.com

## **CERTIFICATE OF CONFERRAL**

    I certify that on December 20, 2019 I conferred with the attorney for Debtor and on January 6, 2020 I conferred with the Chapter 7 Trustee regarding the foregoing Motion for Relief from Stay and have been informed that this motion is unopposed.

By:  /s/ *Benjamin R. Guerra*
    Benjamin R. Guerra

## **CERTIFICATE OF SERVICE**

    This is to certify that a true and correct copy of the foregoing was served, in accordance with the Federal Rules of Bankruptcy Procedure, via email upon the parties that receive electronic notice in this case pursuant to the Court's ECF filing system on this 28th day of January, 2020 including the following parties:

Jesse Blanco, Jr.
7406 Garden Grove
San Antonio, TX 78250
*Debtor's Attorney*

Jose C. Rodriguez
342 W. Woodlawn, Ste. 103
San Antonio, TX 78212
*Bankruptcy Trustee*

By:  /s/ *Benjamin R. Guerra*
    Benjamin R. Guerra