### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| RATTRAY RESTAURANT GROUP. LLC | § | |
| | § | CASE NO. 19-52781-RBK |
| DEBTOR | § | |

### BEXAR COUNTY'S RESPONSE TO THE
### <u>MOTION FOR RELIEF FROM STAY AGAINST PROPERTY</u>

TO THE COURT:

Now comes Bexar County and files its Response to Lone Star National Bank's Motion for Relief from Automatic Stay (ECF #21) and respectfully represents the following:

1.      Bexar County is a unit of local government in the State of Texas which possesses the authority under the laws of the State to assess and collect *ad valorem* taxes on real and personal property.

2.      Bexar County filed its pre-petition secured proof of claim herein for *ad valorem* property taxes assessed against the Debtor's property for tax year 2019 in the amount of $2,934.39.

3.      Bexar County's claim is for business personal property taxes incurred by the Debtor in the ordinary course of business.  These taxes are secured by first priority liens pursuant to Texas Property Tax Code §§ 32.01 and 32.05.  In pertinent part, §32.01 provides

(a)      **On January 1 of each year, a tax lien attaches** to property to secure the payment of all taxes, penalties and interest ultimately imposed for the year . . . .

(b)      A tax lien on inventory, furniture, equipment, or their personal property is a lien in solido and attaches to all inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires.

(c)      The lien under this section is perfected on attachment and . . . **perfection requires no further action** by the taxing unit.

1

4.  The tax lien takes priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien. See Texas Property Tax Code §32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien). The tax lien arises on January 1 of each tax year and "floats" to after acquired property. See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994). The tax lien is a lien *in solido* and is a lien of all personal property of the Debtor. See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002). The tax lien is also unavoidable. See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995).

5.  Bexar County does not oppose Lone Star National Bank's Motion for relief from automatic stay provided the following provisions are included in any order approving said motion:

IT IS FURTHER ORDERED that in the event the automatic stay of § 362(a) is terminated as to Lone Star National Bank it is also terminated to permit Bexar County to exercise all rights and remedies available to it under the Texas Property Tax Code, if any, for the collection of ad valorem taxes owed to it by the Debtor on the property subject to the Motion.

IT IS ORDERED that in the event any of the subject property is repossessed and/or sold by or on behalf of Lone Star National Bank, the Bexar County ad valorem tax lien incident to such subject property shall maintain its priority lien and Bexar County shall be paid from the first sales proceeds generated from the sale of the subject property prior to any disbursement to any other person or entity, including Lone Star National Bank. The ad valorem tax lien shall attach to the sale proceeds in the same priority as such lien maintained against the subject property until such time as said taxes are paid.

IT IS FURTHER ORDERED that nothing in this order shall modify in any way the provisions of the Texas Business & Commerce Code. Any notices to be sent to Bexar County pursuant to the Texas Business & Commerce Code related to the property subject to the Motion including, but not limited to, Notice of the disposition of the collateral pursuant to Tex. Bus. & Comm. Code §§9.611-9.613, shall be sufficient if transmitted to: Don

2

Stecker, Linebarger Goggan Blair & Sampson, LLP, 711 Navarro, Suite 300, San Antonio, Texas 78205.

**WHEREFORE, PREMISES CONSIDERED,** Bexar County prays that this Court grant the

Lone Star National Bank's Motion for Relief from Automatic Stay, subject to the requests of Bexar

County, and grant it all relief as may be just.

Respectfully submitted,

**LINEBARGER GOGGAN
BLAIR & SAMPSON, LLP**
112 E. Pecan Street, Suite 2200
San Antonio, TX 78205
(210) 225-6763 - *Telephone*
(210) 225-6410 - *Fax*

By:    /s/ Don Stecker
David G. Aelvoet (SBN 00786959)
Don Stecker (SBN 19095300)
Bradley S. Balderrama (SBN 24040464)
Attorney for Bexar County

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response of Bexar County to the Motion for Relief from Automatic Stay was served this the 30th day of January, 2020 by Electronic Filing and/or by First Class Mail upon the following:

Debtor:
Rattray Restaurant Group. LLC
602 Ave. A
San Antonio, TX 78215

Attorney for Debtor:
Jesse Blanco, Jr
7406 Garden Grove
San Antonio, TX 78250

Attorney for Lone Star National Bank:
Benjamin R. Guerra
Ben Guerra Law Office, PLLC
222 E. Van Buren Ave, Suite 600
Harlingen, TX 78550

Chapter 7 Trustee:
Jose C Rodriguez
342 W Woodlawn, Suite 103
San Antonio, TX 78212

_/s/ Don Stecker_____
David G. Aelvoet
Don Stecker
Bradley S. Balderrama

4